## Orlando C. Hall v. James W. Barrett.

1. GAMBLING—*Burden of Proof, When Pleaded as a Defense.*—When the statute against gambling is relied upon as a defense to an action for money paid out, advanced, etc., the burden of proof is upon the defendant to show that the transactions in question were of a gambling nature.

Assumpsit, on the common counts. Appeal from the Circuit Court of Tazewell County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the November term, 1900. Affirmed. Opinion filed February 28, 1901.

H. M. GILMORE and W. R. CURRAN, attorneys for appellant.

WM. DON MAUS and WM. A. POTTS, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was a suit in assumpsit, declaration common counts, by appellee against appellant; pleas of the general issue, promise without consideration, and that the consideration for the promise was for sums of money due on account of gambling deals in options for the purchase and sales of grain. A trial by jury ended in a verdict and judgment against appellant for $518.65, to reverse which this appeal is brought, it being argued as error to effect such reversal that the court erred in the admission and rejection of evidence, misdirected the jury in its instructions, refused proper instructions, and the verdict is not in accordance with the law and the evidence of the case.

Appellee was a commission man and dealer on the board of trade in Chicago. He had operated with G. Montague & Co., who, having suspended in business, at such time had two contracts of appellant, one for 5,000 bushels of September corn, and another for 5,000 bushels of September oats. To protect these contracts, after such suspension of Montague & Co., appellee, without any authority or request from appellant, purchased in the market similar contracts, and then notified appellant what he had done for him.

Appellant, by letter to appellee, ratified the purchases, and to protect the purchases appellee paid out certain sums of money, which he also reported to appellant, who also ratified such acts and payments and promised appellee to pay him the sums so paid out. There was no evidence that appellee knew that it was the purpose or intention of appellant to settle these contracts by paying or receiving differences merely, he being the agent only, of appellant, in all that he did, and had, as such agent, provided for the actual delivery of the grain when such contracts should mature.

Appellant offered to show upon the trial that the nature of his contracts with Montague & Co. was such that differences only were to be paid or received, but this, upon objection being made, the court rejected, and in this respect we think the court ruled properly. The Montague & Co. purchases were not the same as the two in controversy, neither were the parties the same.

Appellant also failed to remit to appellee to protect his purchases, although requested, and appellee sold at a loss, reported the fact to appellant, who ratified such action and promised to pay the amount of his expenditures. The burden of proof was upon appellant to show the transactions were of a gambling nature, in his relations with appellee, which he failed, by the evidence, to do.

We think the court did not err in its instructions given or refused. In truth, no other verdict than the one returned would have been proper or responsive to the evidence in the case, and when that is true all errors of instructions are harmless.

The judgment of the Circuit Court will be affirmed.